[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 222.]

**AMERESTATE, INC., APPELLANT, *v*. TRACY, TAX COMMR., APPELLEE.**

**[Cite as *Amerestate, Inc. v. Tracy*, 1995-Ohio-76.]**

*Taxation—Sales and use taxes—Real estate sales information published in reports and also made available in computer data base—Transactions are taxable when purpose of customers is to obtain the reports or access the data base and not the analysis or interpretation of that information by the provider.*

(No. 94-1426—Submitted February 16, 1995—Decided May 24, 1995.)

APPEAL from the Board of Tax Appeals, No. 92-D-499.

————————————

{¶ 1} Appellant, Amerestate, Inc., collects real estate sales information and other data from county court records, post offices, census reports and appraisers' reports. Based on the data that it organizes, sorts and stores, Amerestate produces and sells "The Real Estate Pace" reports and other publications. It also sells access to "PaceNet," its computer data base. Under the PaceNet Computer Access Agreement, a customer is given "remote terminal access" to the information in Amerestate's computer data base and the right to "download and print" such information for the customer's own use in real estate appraisals or listings.

{¶ 2} The Tax Commissioner assessed sales and use taxes on Amerstate's transactions with customers who purchased the reports or accessed PaceNet, for the audit period July 1, 1986 through September 30, 1989. Amerestate appealed to the Board of Tax Appeals ("BTA"), which affirmed the assessment based upon *Emery Industries, Inc. v. Limbach* (1989), 43 Ohio St.3d 134, 539 N.E.2d 608, and *Quotron Systems, Inc. v. Limbach* (1992), 62 Ohio St.3d 447, 584 N.E.2d 658.

{¶ 3} The cause is now before this court upon an appeal as of right.

————————————

*Keating, Muething & Klekamp, J. Neal Gardner* and *Paul D. Dorger,* for appellant.

*Betty D. Montgomery*, Attorney General, and *James C. Sauer*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

**{¶ 4}** Amerestate claims that its transactions with customers are nontaxable "personal service transactions" under R.C. 5739.01(B), with regard to its Pace real estate reports and other publications, and that the automatic data processing and computer service transactions involving PaceNet are nontaxable transactions under R.C. 5739.01(B) and former 5739.01(Y)(1), now renumbered (Y)(1)(a). The BTA rejected these claims.

**{¶ 5}** Under former R.C. 5739.01(B), "sales" include:

"* * * all of the following transactions for a consideration in any manner * * *:

"* * *

"(3) All transactions by which:

"* * *

"(e) Automatic data processing and computer services are or are to be provided for use in business when the true object of the transaction is the receipt by the consumer of automatic data processing or computer services rather than the receipt of personal or professional services to which automatic data processing or computer services are incidental or supplemental. * * *

"* * *

"(5) * * * Other than as provided in this section, 'sale' and 'selling' do not include professional * * * or personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."

**{¶ 6}** In the fourth paragraph of the syllabus of *Emery Industries, supra,* we construed R.C. 5739.01(B) and held:

"In a professional * * * or personal service transaction in which the charge for the services is not separated from the charge for the property, if the overriding purpose of the purchaser is to obtain tangible personal property produced by the service, the transfer of the property is a consequential element of the transaction and the entire transaction is taxable. If the purchaser's overriding purpose is to receive the service, the transfer of the personal property is an inconsequential element of the transaction, and the entire transaction is not taxable. * * * "

**{¶ 7}** In *Emery Industries, supra*, at 139, 539 N.E.2d at 613, we said:

"The true object test seeks the essential reason the buyer enters a transaction—either to obtain the service or the property produced by the service."

**{¶ 8}** After noting certain examples, which we said illustrated the correct application of the true object test, we concluded that "if the overriding purpose of the purchaser is to obtain tangible personal property produced by the service, the transfer of the property is a consequential element of the transaction and the entire transaction is taxable." *Id*.

**{¶ 9}** Amerestate's transactions involve no separate charges. Further, the BTA found the overriding purpose of Amerestate's customers was to obtain the reports. We hold this finding to be reasonable and lawful. Thus, the transactions were taxable.

**{¶ 10}** As to the automatic data processing and computer services, "PaceNet," R.C. 5739.01(Y)(1) specifically taxes transactions which provide access to computer equipment for the purpose of examining or acquiring data stored in or accessible to such computer equipment. See *Quotron Systems, Inc., supra.*

**{¶ 11}** R.C. 5739.01(Y)(1) provides:

"'Automatic data processing and computer services' means: * * * providing access to computer equipment for the purpose of processing data or examining or

acquiring data stored in or accessible to such computer equipment * * *. 'Automatic data processing and computer services' shall not include personal or professional services."

**{¶ 12}** That provision is precise and determinative. The BTA found that "* * * It is the providing of customer access to and the acquisition of Amerestate's compiled objective information * * * that the customer primarily seeks and is the essential reason the buyer enters the transaction with Amerestate, not Amerestate's interpretation or analysis of that information * * *." We agree.

**{¶ 13}** The BTA's decision was not unreasonable or unlawful, and it is affirmed.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

_____